UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| WILLIAM KEEL, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | Case 3:13-1145 |
| v. | ) | Judge Trauger/Bryant |
| | ) | Jury Demand |
| DAVIDSON COUNTY SHERIFF'S OFFICE, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**TO:   THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is defendants Daron Hall and the Metropolitan Government of Nashville and Davidson County's partial motion to dismiss. (Docket Entry ("DE") 28)  For the reasons explained below, the undersigned **RECOMMENDS** that the defendants' motion be **GRANTED** and all but one of the plaintiff's claims be **DISMISSED**.  Further, the Magistrate Judge **RECOMMENDS** that all of Plaintiff's claims against defendants Davidson County Sheriff's Office and the Davidson County Criminal Justice Center be **DISMISSED**.

### I.   INTRODUCTION AND BACKGROUND

William Keel ("Plaintiff") is a *pro se* state prisoner, proceeding *in forma pauperis*, housed at the Davidson County Sheriff's Office in Davidson County, Tennessee.  On October 15, 2013, Plaintiff filed the instant complaint alleging that Sheriff Daron Hall, the Davidson County Sheriff's Office, the Davidson County Criminal Justice Center, Correct Care Solutions, LLC, and the Metropolitan Government of Nashville and Davidson County ("Defendants") violated his civil rights under 42 U.S.C. § 1983.  (DE 1)

According to Plaintiff, his Eighth Amendment rights to humane conditions of confinement have been violated in that: 1) there are leaks allowing urine and feces to drip into his cell; 2) the detention facility's ventilation system is inadequate; 3) inmates are not tested for tuberculosis at intake; 4) all inmates are "locked down" for the infractions of a few; 5) punishment includes restriction to bread and water rations; 6) facility lights remain on 24 hours a day depriving inmates of sleep; 7) segregated inmates are physically abused; 8) non-suicidal inmates are placed in suicide cells as punishment; 9) the food served is inadequate; 10) special needs inmates are sexually abused; 11) Plaintiff is required to shower and use the toilet facilities without a shower curtain or stall partitions; 12) special needs inmates are housed outside of the special needs unit; 13) mail is required to be submitted open for inspection; 14) Plaintiff is denied access to the courts, his lawyers, and case managers; and 15) Plaintiff is denied the use of an adequate law library. (DE 1)

On January 1, 2014, defendants Daron Hall and the Metropolitan Government of Nashville and Davidson County ("Metro") moved the court to dismiss all but one of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (DE 28) According to these defendants, Plaintiff only submitted his claims regarding the urine and feces seeping through the ceiling of his cell to the grievance process provided for such purposes. (Motion to Dismiss ("M. to Dismiss"), DE 28, pp. 4-5) In support of their motion, Defendants submitted a copy of the Jail's grievance policy (Exhibit ("Exh.") 2 to M. to Dismiss, Doc. 30-1, pp. 1-6), and a copy of Plaintiff's complete grievance file from his date of incarceration through the filing of his complaint. (Exh. 4 to M. to Dismiss, DE 30-3, pp. 1-17) The validity of these documents was attested to by Tom Davis, "the Records Manager for the Davidson County Sheriff's Office."

(Exh. 1 to M. to Dismiss, DE 30, p. 1)  In response, Plaintiff asserts that "Defendants' claims are false."  (Plaintiff's Response, DE 49, pp. 1-2)

This matter is properly before the court.

## II. **ANALYSIS**

### A.  Standard of Review

In considering dismissal pursuant to Rule 12(b)(6), the district court must "construe the complaint in a light most favorable to plaintiff[], accept all plausible well-pled factual allegations as true, and draw all reasonable inferences in plaintiff['s] favor." *Lutz v. Chesapeak Appalachia, LLC.*, 717 F.3d 459, 464 (6th Cir. 2013) (citing *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs., LLC*, 700 F.3d 829, 835 (6th Cir. 2012)).  However, Defendants' motion here rests on matters outside of the pleadings—Plaintiff's grievance file.  Thus, Defendants' motion must be considered as one for summary judgment.  *See* Fed. R. Civ. P. 12(d) (providing that "a motion under 12(b)(6) [relying on] matters outside the pleadings [that are] not excluded by the court . . . must be treated as one for summary judgment under Rule 56.").

Summary judgment is appropriate where there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Miller v. City of Calhoun County*, 408 F.3d 803, 812-13 (6th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)).  A "genuine issue of material fact" is one which, if proven, could lead a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The burden rests with the moving party to establish the absence of a factual dispute.  *Id.* at 249-50.

The court "must look beyond the pleadings and assess the proof to determine whether there is a genuine need for a trial."  *Sowards v. Loudon County*, 203 F.3d. 426, 431 (6th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000).  In so doing, the district court must "draw all

reasonable inferences in favor of the nonmoving party" in its analysis of the pleadings, affidavits, and record as a whole. *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013) (citing *Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Normally, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

The nonmoving party is not entitled to trial solely on the basis of the pleadings themselves, but must provide more than conclusory allegations, speculation, and unsubstantiated assertions. *See Lujuan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Rather, at the summary judgment stage, the party opposing summary judgment "must present 'affirmative evidence' to support his position; a mere 'scintilla of evidence' is insufficient." *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

**B. Exhaustion**

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust all available administrative remedies <u>before</u> filing a § 1983 action in district court. *See* 42 U.S.C. § 1997e(a); *see Booth v. Churner*, 532 U.S. 731, 733 (2001). The exhaustion requirement is both mandatory and complete. Prisoners must exhaust grievance procedures even though the remedy sought is not available in the administrative process and they must appeal adverse rulings "through one complete round" of the established grievance process. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th cir. 2003)(overruled in part on other grounds by *Woodford v. Ngo*, 548 U.S. 81 (2006)); *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Plaintiff's grievance file establishes that the only grievance prosecuted through the appeals process in relation to his claims here is one filed on September 11, 2013 for the "shit and this water leaking from the ceiling in 4 places" in his cell. (Exh. 4 to M. to Dismiss, DE 30-3, p. 6) This grievance was "sustained" on September 16, 2013 after a repair request was submitted, and Plaintiff appealed this ruling on September 23, 2016 because no repairs had been undertaken as of that date. (Exh. 4 to M. to Dismiss, DE 30-3, p. 13) While Plaintiff did grieve the lock down procedures implemented in his cell block on May 16, 2013 and October 8th (Claim 4), his relocation from the special needs section to the general population on May 16, 2013 (Claim 12), and the Jail staff's refusal to permit him to see his case manager on October 3, 2013 (Claim 14), he did not appeal the initial rulings on these claims. (M. to Dismiss, DE 30-3, pp. 1-17) Further, Plaintiff has failed to present affirmative evidence to support his position as to his other claims in response to Defendants' motion here. *See Bell*, 351 F.3d at 247.

While the finding here is pertinent to defendants Hall and Metro, it is also relevant to defendant Correct Care Solutions ("CCS"). According to 28 U.S.C. § 1915(e)(2)(B)(ii), failure to state a claim upon which relief may be granted is a ground for sua sponte dismissal against a Plaintiff proceeding *in forma pauperis*. Plaintiff does not allege that CCS had a duty to him in regard to Claim 1. Rather, Plaintiff's claims against CCS center upon their failure to provide testing of inmates for tuberculosis, a claim that has not been exhausted. As such, Plaintiff has failed to state a claim to relief against CCS and his claims against it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Thus, while CCS has a pending motion to dismiss the suit against them for insufficient service of process under Fed. R. Civ. P. 12(b)(5) (DE 25), Plaintiff's failure to exhaust that claim renders CCS' motion moot should the District Court adopt this Report and Recommendation.

Further, the Magistrate Judge notes that the Davidson County Sheriff's Office and the Davidson County Criminal Justice Center are not "legal entit[ies] capable of being sued for purposes of § 1983." *See Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007) and *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

### III. **CONCLUSION**

For the reasons stated above, the undersigned Magistrate Judge finds that there is no genuine issue as to any material fact and that all defendants are entitled to judgment as a matter of law as to all of Plaintiff's claims except Claim #1. Further, because Claim #1 does not assert a cause of action against CCS, Plaintiff has failed to state a claim to relief in regard to CCS. Finally, the Magistrate Judge finds that the Davidson County Sheriff's Office and the Davidson County Criminal Justice Center are not "legal entit[ies] capable of being sued for purposes of § 1983," *Petty* 478 F.3d at 347, and that all claims against them should be dismissed.

### IV. **RECOMMENDATION**

For the reasons stated above, the undersigned **RECOMMENDS**:

(1) That the instant motion by defendants Hall and Metro should be **GRANTED** and all of Plaintiff's claims against them be **DISMISSED** with the exception of Claim #1.

(2) That Plaintiff's claims against Complete Care Solutions should be **DISMISSED** for failure to exhaust administrative remedies; and

(3) That all claims against the Davidson County Sheriff's Office and the Davidson County Justice Center should be **DISMISSED**.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt

6

of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTER** this 14th day of July, 2014.

/s/ John S. Bryant
John S. Bryant
United States Magistrate Judge