UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| WILLIAM KEEL | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:13-1145 |
| | ] | Judge Trauger |
| DAVIDSON COUNTY SHERIFF'S | ] | |
| OFFICE, et al. | ] | |
| Defendants. | ] | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Davidson County Criminal Justice Center (CJC) in Nashville. On October 15, 2013, he filed a complaint (Docket Entry No. 1) pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office; Daron Hall, Sheriff of Davidson County; Correct Care Solutions, the health care provider for inmates at the CJC; the CJC itself; and the Metropolitan Government of Nashville and Davidson County; alleging that conditions of confinement at the CJC are in violation of his constitutional rights.

Because the plaintiff is a prisoner proceeding in forma pauperis, the Court conducted an initial review of the complaint and found that it stated a colorable claim for relief. 28 U.S.C. § 1915(e)(2). Accordingly, this action was referred to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court." Docket Entry No. 3.

1

The defendant, Correct Care Solutions, has filed a Motion to Dismiss (Docket Entry No. 25), asserting that service of process was insufficient. A Motion to Dismiss (Docket Entry No. 28) has also been filed by Daron Hall and the Metropolitan Government, arguing that all claims against them, with the exception of water leaking from the ceiling at the CJC, should be dismissed because the plaintiff did not properly exhaust them prior to bringing suit. The plaintiff filed a Response in Opposition (Docket Entry No. 49) to these Motions alleging that the defendants' pleadings are "false".

The Magistrate Judge considered defendants' pending Motions to Dismiss and plaintiff's Response in Opposition to them and has issued a Report and Recommendation (Docket Entry No. 66). Before the Court are plaintiff's Objections (Docket Entry No. 78) to the Report and Recommendation, defendants' Response (Docket Entry No. 86) to the plaintiff's Objections, and the plaintiff's Reply (Docket Entry No. 88) to the defendants' Response.

To begin, the Magistrate Judge recommends that the Motion to Dismiss (Docket Entry No. 28) filed by Daron Hall and the Metropolitan Government, to the extent that it seeks dismissal of all claims with the exception of the leaky ceiling claim, be granted.[1]

An inmate challenging prison conditions is required to exhaust all available administrative remedies *before* filing a § 1983 action in federal court. 42 U.S.C. § 1997e(a)(emphasis added). To satisfy the exhaustion requirement, the plaintiff must offer his claims through one complete round of the established grievance process. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). One complete round of the established grievance process has been found to include an appeal of a

---

[1] The recommendation as to this Motion to Dismiss is based upon matters outside of the pleadings (plaintiff's grievance file). For that reason, the Magistrate Judge has treated the Motion to Dismiss as a Motion for Summary Judgment instead. Docket Entry No. 66 at pg. 3.

rejected grievance. *See* Wright v. Morris, 111 F.3d 414, 417 n. 3 (6th Cir), *cert. denied*, 522 U.S. 906 (1997).

This action was filed on October 15, 2013. Therefore, in order for a claim regarding prison conditions to go forward, the plaintiff must have grieved the issue and appealed any adverse grievance decision prior to that date.

The Records Manager (Tom Davis) for the Davidson County Sheriff's Office provided a statement regarding the plaintiff's grievance file. According to his reading of the file, the only conditions of confinement claim that was grieved and appealed prior to the October 15th filing of this action was plaintiff's complaint about the leaky ceiling in his housing unit. Copies of plaintiff's grievances support Davis' statement. Docket Entry No. 30-3. The plaintiff has submitted as exhibits to his Objections the copies of several grievances that he filed complaining about conditions of confinement. These exhibits, however, do not show that other claims he has raised in this action were properly exhausted. As a consequence, the Magistrate Judge correctly found that all of plaintiff's claims questioning conditions of his confinement, with the exception of the leaky ceiling, are subject to dismissal.

The sole claim against Correct Care Solutions is that medical personnel at the CJC did not screen incoming inmates for tuberculosis. Its Motion to Dismiss (Docket Entry No. 25) is premised upon insufficient service of process. Having reviewed the plaintiff's grievance file, though, the Magistrate Judge determined that this claim had not been properly exhausted prior to the initiation of the instant action. This Court agrees with that determination. Therefore, the Motion to Dismiss filed by Correct Care Solutions should be granted, but on the alternate ground of failure to exhaust rather than insufficient service of process.

The plaintiff has also brought suit against the Davidson County Sheriff's Office and the Davidson County Criminal Justice Center. A county detention center, however, is not an entity that can be sued under 42 U.S.C. § 1983. <u>Rhodes v.McDannel</u>, 945 F.2d 117, 120 (6th Cir. 1991). Nor is a county Sheriff's Office. <u>Petty v. County of Franklin, Ohio</u>, 478 F.3d 341, 347 (6th Cir. 2007). Because this action was filed in forma pauperis, the Court is obliged to "dismiss the case at any time" if it appears that the plaintiff has failed to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Relying upon this, the Magistrate Judge has recommended that the claims against both the Davidson County Sheriff's Office and the Davidson County Criminal Justice Center be dismissed. The Magistrate Judge was correct in this regard.

For the reasons stated above, the Court has reviewed *de novo* the pending Motions, plaintiff's Objections to the Motions, the Magistrate Judge's Report and Recommendation and the record as a whole. The Court finds that the Report and Recommendation is correct in all respects.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge