UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM KEEL, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:13-1145 |
| v. ) | Judge Trauger/Bryant |
| ) | **Jury Demand** |
| DAVIDSON COUNTY SHERIFF'S ) | |
| OFFICE, DARON HALL, CJC, ) | |
| CORRECT CARE SOLUTIONS, and ) | |
| METRO GOVERNMENT OF NASHVILLE, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

**REPORT AND RECOMMENDATION**

Pending in this case is the motion for summary judgment filed on behalf of Defendants Sheriff Daron Hall and the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro Government") (Docket Entry No. 96). Plaintiff Keel has filed his "Motion to Proceed With Trial" (Docket Entry No. 102), which the undersigned Magistrate Judge construes to be Plaintiff's response in opposition to Defendants' motion for summary judgment.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion for summary judgment be GRANTED and that the complaint be DISMISSED.

**STATEMENT OF THE CASE**

Plaintiff Keel, a pretrial detainee who is proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging multiple instances of unconstitutional conduct by Defendants arising from Plaintiff's conditions of confinement in

the Criminal Justice Center operated by Defendant Metro Government in Nashville, Tennessee (Docket Entry No. 1).

Ruling on an earlier filed motion, the Court has previously dismissed all claims by Plaintiff except the claim against Defendants Sheriff Hall and Metro Government for alleged sewage leaking from the ceiling of Plaintiff's cell (Docket Entry No. 89). Defendants Hall and Metro, by their present motion for summary judgment, seek dismissal of this remaining claim.

**SUMMARY OF PERTINENT FACTS**

Plaintiff Keel asserts that when it rained the ceiling of Cell 2-E where he was confined leaked sewage water (Docket Entry Nos. 1 at 5, 12-14, 16-18).

It appears undisputed that Plaintiff Keel was housed in Cell 2-E from May 17 through October 15, 2013 – the date the complaint was filed (Docket Entry No. 98). It further appears that Cell 2-E is a large community cell covering approximately 2,400 square feet, consisting of one room housing 52 bunks, as well as seven toilets, six sinks, and four showers (Docket Entry No. 99 at 1).

It further appears undisputed that on or about September 11, 2013, Plaintiff Keel submitted Grievance No. 189246 complaining of a sewage leak in Cell 2-E (Docket Entry No. 100 at 2). Lieutenant Abernathy responded to this grievance, finding it to be sustained. As a result of Keel's grievance, a work order was recorded on October 1, 2013, and the maintenance department

2

determined that the cause of the leak was a toilet that needed repair in Cell 3-B located on the floor above. According to the declaration of Maintenance Supervisor William Dailey, repair was performed and this repair resolved the leak (Docket Entry No. 99). Plaintiff Keel submitted no other grievances complaining of a leak in Cell 2-E (Docket Entry No. 100).

During his discovery deposition, Plaintiff Keel testified that he was claiming no physical injury resulting from this sewage leak (Docket Entry No. 98-1 at 6-9).

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the

3

party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

The Eighth Amendment of the United States Constitution prohibits the infliction of "cruel and unusual punishment" upon prisoners.[1] In order to demonstrate a constitutional violation with respect to conditions of confinement, a prisoner must satisfy both an objective and subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires an inmate to prove that he was denied the "minimal civilized measure of life's necessities." *Id*. The subjective component requires a prisoner to

---

[1] Since Plaintiff Keel was a pretrial detainee rather than a convicted prisoner, the Fourteenth Amendment rather than the Eighth Amendment provides the proper standard for assessing his conditions-of-confinement claim. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, there is no meaningful difference between the analyses required by the Eighth and Fourteenth Amendments. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).

4

prove that the prison officials acted with "deliberate indifference" by showing that the official knew the inmate faced a "substantial risk of serious harm" and, with such knowledge, disregarded that risk by failing to take reasonable measures to address it. *Farmer,* 511 U.S. at 828, 834, 837. Multiple courts have found that exposure to leaking sewage in a prison cell with no accompanying physical harm is insufficient to satisfy the objective component of a constitutional violation. *E.g., Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996); *Cross v. Bradley County Jail*, 2009 WL 2043884 (E.D. Tenn. July 2, 2009); *Antonelli v. Walters*, 2009 WL 921103 at *20 (E.D. Ky. March 31, 2009). In summary, the undersigned Magistrate Judge finds that a temporary exposure to sewage water in Plaintiff Keel's cell, without any evidence of resulting physical injuries, fails to satisfy the objective component requiring a showing of a "substantial risk of serious harm." In addition, the undisputed evidence demonstrates that within days of Plaintiff Keel's grievance complaint, the maintenance department at the jail responded and undertook repairs to cure the sewage leak. These facts fail to satisfy the subjective component of a constitutional claim, which requires a showing of "deliberate indifference" to an excessive risk to inmate health or safety. *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006).

In addition, neither Sheriff Hall nor Metro Government can be held liable under Section 1983 under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S.

658, 691 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff Keel fails to allege facts suggesting that Sheriff Hall had any personal involvement regarding the alleged sewage leak in his cell. Similarly, Plaintiff offers no evidence of any policy or custom of Defendant Metropolitan Government that causes or results in the presence of sewage water in its jail cells. In the absence of such evidence, neither Sheriff Hall nor Metropolitan Government can be held liable solely on a theory of *respondeat superior*.

For the reasons stated above, the undersigned Magistrate Judge finds that the undisputed evidence in this case shows that there is no genuine dispute as to any material fact and that Defendants Hall and Metro Government are entitled to judgment as a matter of law.

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that the motion for summary judgment filed by Defendants Sheriff Hall and Metro Government be GRANTED and that the complaint be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of

6

this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 23rd day of January, 2015.

/s/  John S. Bryant<br>
JOHN S. BRYANT<br>
United States Magistrate Judge