IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM KEEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:13-1145 |
| ) | Judge Trauger |
| DAVIDSON COUNTY SHERIFF'S OFFICE, ) | Magistrate Judge Bryant |
| DARON HALL, CJC, CORRECT CARE ) | |
| SOLUTIONS, and METRO GOVERNMENT, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

On January 23, 2015, the Magistrate Judge issued a Report and Recommendation (Docket No. 110), to which the plaintiff has filed an Objection (Docket No. 118). The Report and Recommendation addresses the Motion for Summary Judgment filed by defendants Sheriff Daron Hall and the Metropolitan Government of Nashville and Davidson County (Docket No. 96). As such, it deals with a dispositive motion.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ.P. 72(b); 28 U.S.C. §636(b)(1)©; *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. See *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

It must be noted that the only claim remaining in this case is for sewage leaking from the ceiling of plaintiff's cell on occasion, and it is that claim on which these defendants seek summary judgment. As recited by the Magistrate Judge, the plaintiff filed a grievance about this issue, which was sustained, and repair work was performed. The plaintiff submitted no further grievances about this leak and, during his deposition, claimed no physical injury resulting from the leak.

Despite the limited nature of the one claim remaining before the court, the plaintiff's objections recite numerous complaints about the conditions of his pretrial confinement that are no longer before the court, concluding that they amount to heinous acts of domestic terrorism, which have resulted in severe emotional injury to him. He claims that these "ongoing neglagent acts...have still not been resolved." (Docket No. 118 at 3)

The court cannot construe the plaintiff's objection document as alleging that a sewage leak in a cell that was fairly promptly repaired could constitute any kind of act of terrorism or cause emotional damage. The court, therefore, finds the plaintiff's objections without merit and hereby **OVERRULES** them.

The Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court.

For the reasons expressed therein and herein, it is hereby **ORDERED** that the Motion for Summary Judgment filed by Defendants Hall and Metro (Docket No. 96) is **GRANTED** and this case is **DISMISSED** with prejudice. The March 31 trial is being removed from the court's calendar.

It is so **ORDERED**.

ENTER this 24th day of February 2015.

                                                            ALETA A. TRAUGER
                                                            U.S. District Judge